IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Frank Brett,<br><br>                    Plaintiff,<br><br>v.<br><br>Robin Blume; Mrs. Lee; David Samson; Bill Naulty; David Wildstein; Bill Baronse; Bridget Kelley; Jaimie Fox; Christine Sabel (Summer); John Morgan, attorney; Ricky Gertz; Wolfand Samson, Attorney; John Runyan; Leonard Lavender; Steve Lavender; Joe Byers; Mr. Brand; Robert Rockwell; Louis Vasquez; Joe Arice Gany; Rev. Hall, Orlando, FL Rescue Mission; Rev. Wheeler Floyd, Sunday Breakfast Mission, Wilmington, Delaware; Sam Clay; Rev. Sam Reah, Philadelphia; US Marshall John Unknown, Columbia, SC; Vincent Marcial and Louis Hurdal Law Firm; Shansha Construction Co.; Mr. Schneider; Sue Bodkin; Kathy Bodkin; Richard Quick; Nichole Lapata; Floyd Wheeler; Rev. Rodgers; Rev. Aubry; Rev. Ali; Mike Halrston, (FBI Agent – Cousin); Mr. Man; Mr. Jones, US Marshall Black Man; US Marshall Black Man Unknown; Mr. Seal; Anthony Svoozie; John White; and Oliver Mission, Boss, Employees & some Residents,<br><br>                    Defendants. | C/A No. 3:18-1860-JFA<br><br>**ORDER** |

Frank Brett ("Plaintiff"), proceeding *pro se*, filed this civil action on July 6, 2018 against the United States clerks of court, marshals, and congressman, corporate entities,

1

state employees, private individuals, attorneys, law firms, and FBI agents. (ECF No. 1). Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915.[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this case was referred to a Magistrate Judge for Review.

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that this action should be dismissed without prejudice and without issuance and service of process. (ECF No. 11 p. 7). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff was advised of his right to object to the Report, which was entered on the docket on July 16, 2018. (ECF No. 1). The Magistrate Judge required Plaintiff to file objections by July 30, 2018. *See id.* However, Plaintiff failed to file any objections to the Report.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this

---

[1] Because Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if, after being liberally construed, it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 11). Therefore, Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

August 3, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge